STOYLE *v.* THE STATE OF OHIO.

(Decided February 25, 1928.)

*Mr. Walter G. Harris,* for plaintiff in error.
*Mr. Jay S. McDevitt,* prosecuting attorney, for defendant in error.

HOUCK, J. This proceeding in error comes from the common pleas court of Knox county, and grows

out of the conviction of the plaintiff in error, Harold Stoyle, of grand larceny, in this, to wit, the stealing and carrying away of $38 worth of wool, being the property of another. The accused was tried to a jury and convicted, the motion for a new trial was overruled by the trial judge, and Stoyle was sentenced to serve a term in the Ohio penitentiary.

The errors urged in oral argument and brief by counsel for plaintiff in error are as follows:

First, that the trial judge abused his discretion in forcing plaintiff in error to trial without giving his attorney proper time to prepare his case.

Second, that the plaintiff in error was prevented from having a fair trial, and the trial judge prejudiced the rights of plaintiff in error by charging the jury in the absence of his counsel.

Third, that the verdict of guilty was against the manifest weight of the evidence.

As to the first error urged, we will say that it is disclosed by the record, and conceded by counsel, that Stoyle up to the time of his trial had paid counsel, but, on the morning of the trial, came into court and stated to the presiding judge that he was without counsel and had no money to employ such. Thereupon the trial judge appointed counsel for him and continued the case until the next morning, when the jury was impaneled, and then counsel for Stoyle made an application to the court for a continuance, stating as a reason that he had not had time to prepare a defense. The court refused to grant the application, and the cause proceeded to trial, and was shortly thereafter adjourned until the next day, when the case was finally submitted.

An examination of the record fails to disclose any

prejudicial error in respect to the failure of the court to continue the case in order that counsel might have time to make further preparation for a defense.

The rule in this state seems to be settled as to the question of the continuance of a case where it is claimed a failure to do so is prejudicial to the rights of the applicant. We need but quote the case of *Holt* v. *State,* 11 Ohio St., 691:

"An application for the continuance of a case, is addressed to the sound discretion of the court, and its action cannot be reversed on error, unless it clearly appears, from all the facts and circumstances, that there has been an abuse of the discretion, operating to the prejudice of the party, in the final determination of the case; when it may be a proper ground to order a new trial. When the evidence in the case is not set out, so as to enable the appellate court to say that there has been such abuse of discretion, and prejudice to the party, it will not interfere."

Was the accused prejudiced by the fact that his counsel was not present when the trial judge charged the jury in the case? The record discloses that the trial court, at the close of the morning session, rested until 12:30, and made such announcement in open court, in the presence and hearing of counsel for Stoyle. It occurs to us that the well-settled rule, not only in Ohio, but in other jurisdictions, is that it is the duty of the parties or their counsel to be present in court while it is open after the trial of the case has begun until it is concluded, and if counsel leaves the courtroom while the jury are deliberating, the giving of further instructions to the

jury in open court during his absence will not furnish grounds for a new trial; nor will the absence of counsel, under such circumstances, when the verdict is rendered, be ground for a new trial, and this notwithstanding an agreement made with the court officers to call him when the jury agree upon a verdict, as in such a case the officer acts merely as counsel's agent for that purpose. While the court owes a duty to defendant's counsel, counsel is under some obligation to be prompt in attendance on trials, and not to absent himself without at least calling the court's attention to such fact. And, if counsel on his own motion fails to or neglects to be present in any part of a trial proceeding, where such failure to be present is not caused by the direct act or fault of the trial judge, counsel is in no position to complain, and has no ground for asserting that his absence is or was prejudicial to the rights of his client, unless there be something in the record which clearly indicates that some act on the part of the trial court was done in his absence which prejudiced the rights of his client, which in the present case does not appear, if the record is to be relied upon.

Is the verdict of guilty manifestly against the weight of the evidence? Counsel maintains that there is a failure of proof to establish that the wool alleged to have been stolen by Stoyle was of the value of $35 or more, as disclosed by the evidence. We have read all of the testimony and evidence as found in the bill of exceptions, and at least two witnesses testify that the value of the wool in question was $37 or $38. In fact, learned counsel for plaintiff in error in his cross-examination of Paul Saw-

vel, a witness for the state, brought out the following:

"Q. You testified before the Grand Jury didn't you, Paul? A. Yes.

"Q. What did you fix the value of the wool before the Grand Jury in this case? A. Well, now, I think about thirty-seven dollars and some cents. I don't recall the exact amount.

"Q. Thirty-seven dollars? A. Yes, a hundred and some pounds.

"Q. Did you see it weighed? A. Why, yes.

"Q. Who weighed it? A. Hoy Lynde and myself.

"Q. Hoy Lynde? A. Yes.

"Q. But you haven't weighed it lately? A. I wouldn't think so.

"Q. That is all."

In the case of *Breese* v. *State,* 12 Ohio St., 146, 80 Am. Dec., 340, the rule is laid down:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony."

In this case it is not necessary to apply this rule, because there is no dispute or conflict in the testimony with reference to the value of the wool. The state offered all of the witnesses who testified upon that subject. The defendant offered no witness with reference to the value of the wool. Therefore we find no conflict in the evidence with reference to the market value of the wool claimed to have been stolen by Stoyle, because it is undisputed, and stands out in bold relief by the testimony of at least two

witnesses, undisputed and unchallenged, that the value of the wool is and was $37 or $38.

The claim that the verdict of guilty is against the manifest weight of the evidence has no standing in fact, if we base the finding of the jury upon the evidence as contained in the record. The accused had a fair and impartial trial, his every interest was taken care of by counsel who defended him, and the verdict of the jury is clearly responsive to the proven facts.

Finding no error in the record of a prejudicial nature, the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.